CLD-240                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4036
_____

WILLIAM JAMES ACKERMAN,
Sons of Mental Illness,
                                                          Appellant

v.

MERCY BEHAVIOR HEALTH; RAYMOND WOLFE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:14-cv-01199)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 18, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed:  August 7, 2015)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant William James Ackerman appeals from the District Court's order dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because we agree with the District Court and conclude that this appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

On September 4, 2014, Ackerman commenced this civil action by filing a motion to proceed in forma pauperis ("IFP") and a sixty-four page hand-written complaint which named Mercy Behavior Health and Raymond Wolfe as Defendants. This civil action represented the fifth civil action Ackerman has instituted in the United States District Court for the Western District of Pennsylvania since December of 2012.[1] The District Court evaluated Ackerman's financial status, determined that Ackerman was unable to pay the requisite filing fee, and granted Ackerman's motion to proceed IFP.

The District Court then screened Ackerman's complaint and a supplement to the complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded that there was "no logical construction of the [c]omplaint from which to derive a viable legal claim against the named Defendants[.]" The District Court concluded that the allegations set forth in the

---

[1] Ackerman initiated the following civil actions between December of 2012 and March of 2013: (1) Ackerman v. Mercy Behavior Health, et al., Civ. No. 2:12-cv-01807-TFM; (2) Ackerman v. Mental Health Court, Civ. No. 2:13-cv-00173-TFM; (3) Ackerman v. Western Psychiatric Institute Clinic, et al., Civ. No. 2:13-cv-00388-TFM; and (4) Ackerman v. Office of Behavior Health, et al., Civ. No. 2:13-cv-00417-TFM. The complaint in civil action 12-1807 was dismissed without prejudice for failure to serve the defendants within 120 days pursuant to Federal Rule of Civil Procedure 4(m). The complaints in civil actions 13-173, 13-388, and 13-417 were all dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

complaint and the supplement were fanciful, fantastic, and delusional and could not be cured by amendment. Accordingly, the District Court dismissed Ackerman's complaint without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Ackerman filed a timely notice of appeal.[2] When he was granted leave to proceed in forma pauperis on appeal, Ackerman was notified that his appeal was subject to dismissal under 28 U.S.C. § 1915(e)(2) or summary affirmance pursuant to Third Circuit Local Appellate Rule 27.4 and I.O.P 10.6. Ackerman was invited to submit written argument in support of his appeal, and he has done so. We have jurisdiction pursuant to 28 U.S.C. § 1291,[3] and we review the District Court's order dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The "prescreening" provisions of the Prison Litigation Reform Act require a

---

[2]     After Appellant filed his notice of appeal, he filed three motions for miscellaneous relief before the District Court. The District Court denied those motions on September 26, 2014. We lack authority to review the denial of those motions to the extent they can be broadly construed as post judgment motions of the type enumerated in Federal Rule of Appellate Procedure 4(a)(4)(A) as Appellant did not file either a new notice of appeal or an amended notice of appeal as required by Rule 4(a)(4)(B)(ii). See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

[3]     "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Although the dismissal in this case was without prejudice, the District Court specifically found that Ackerman could not cure the deficiencies of the complaint by amendment. See Grayson v.

3

federal court to dismiss an action <u>sua</u> <u>sponte</u> under the federal IFP statute, codified at 28

U.S.C. § 1915, if the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. <u>Ball v. Famiglio</u>, 726 F.3d 448, 452 (3d Cir. 2013); <u>see also</u> 28 U.S.C. §

1915(e)(2)(B). Generally, a complaint may be dismissed as frivolous "where it lacks an

arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

A claim is considered factually frivolous where "the facts alleged are 'clearly baseless,'

… a category encompassing allegations that are 'fanciful,' … 'fantastic,' … and

'delusional[.]'" <u>Denton</u>, 504 U.S. at 32-33 (citing <u>Neitzke</u>, 490 U.S. at 325, 327-28). It is

appropriate to make a finding of factual frivolousness "when the facts alleged rise to the

level of the irrational or the wholly incredible[.]" <u>Denton</u>, 504 U.S. at 33.

Upon our independent review, we conclude that the District Court did not abuse its

discretion in dismissing Ackerman's complaint as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B)(i), because the complaint lacks an arguable basis in law or fact. <u>See</u>

<u>Neitzke</u>, 490 U.S. at 325. The complaint and supplement are confused, convoluted, and

largely unintelligible. Ackerman appears to address the rights and needs of mental health

patients in the care of Defendant Mercy Behavior Health, but he does so in a rambling,

disjointed manner that makes it difficult to decipher the nature of the legal claims he

seeks to bring. In general, he asserts that mental health patients at Mercy Behavior

<u>Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002). Thus, we have jurisdiction
over this appeal.

4

Health should have the right to form a union, to enter into a collective bargaining agreement, to publish a newspaper to disseminate information amongst them, and to elect a patient advocate, among other things. Ackerman also complains about the lack of food selection for patients, and the need for additional space, a mental health library, a computer room, a fitness room, a movie room, and a pool room. Ackerman further asserts that patients should be provided with one-on-one financial advice and individualized assistance finding housing and apartment options. The complaint also sets forth a code of "professional conduct" in bullet point format which mentions the rights of fair pay and open access to books.

Throughout the complaint, Ackerman quotes or references portions of several federal and state statutes, including, but not limited to, the Americans with Disabilities Act, the Protection and Advocacy for Individuals with Mental Illness Act, the Workforce Investment Act, the Pennsylvania Older Adult Protective Services Act, the Pennsylvania Health Care Services Malpractice Act, and multiple sections of the federal criminal code. However, Ackerman does not allege any facts regarding the actions of the named Defendants to demonstrate the relevance of any of these statutes. The complaint also includes citations to a number of cases, including <u>Plessy v. Ferguson</u>, 163 U.S. 537 (1896), that do not appear to have any relation to the rights of mental health patients.

The precise nature of Ackerman's complaint is difficult to decipher. Even construing the complaint liberally, there are no factual allegations from which we can reasonably infer that Ackerman has an actionable claim for relief. While the Court is

sensitive to the rights of the mentally ill, we agree with the District Court's conclusion that there is no logical construction of the complaint from which to derive a legal claim for which relief is available in federal court.[4]  Accordingly, we hold that the District Court did not abuse its discretion by dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

As we have concluded that the appeal does not have arguable merit, see Neitzke, 490 U.S. at 325, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[4]      We have thoroughly reviewed all of the submissions filed by Ackerman in support of his appeal and conclude that none of these documents adequately address the issues relevant to this appeal.  One of Ackerman's submissions consists entirely of documents that are part of the record on appeal.  The remaining four submissions, much like the complaint itself, are rambling, disjointed, and difficult to decipher.  These submissions address the same issues raised in the complaint, but fail to offer any argument or insight as to the propriety of the District Court's dismissal of the complaint or Ackerman's ability to amend the complaint and state a cognizable claim.